IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JUDY F. MANN, | &#124; |
| | &#124; |
| PLAINTIFF, | &#124; |
| | &#124; |
| vs. | &#124;   CASE NO. 2:06-CV-888-MHT |
| | &#124; |
| MONTGOMERY ADVERTISER, | &#124; |
| | &#124; |
| DEFENDANT. | &#124; |

## DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Comes now the defendant identified in the complaint as "Montgomery Advertiser" and moves this Honorable Court to dismiss the allegations of this complaint, or, in the alternative, to order the plaintiff to file a more definite statement. In support of this motion, this defendant would state as follows:

1. The *pro se* complaint asserted by the plaintiff does not state a claim upon which relief can be granted.

2. In fact, although the allegations vaguely refer to a "retaliation," the complaint fails to allege any recognized cause of action under the law. See Farmer v. Dothan City Sch., No. 04-751, 2006 U.S. Dist. LEXIS 9270, at *44-5 (M.D. Ala. Jan. 11, 2006) (dismissing plaintiff's claims and stating that his "submissions indicate a complete failure to grasp what is required to prove retaliation. His responsive brief is little more

than a narrative, stringing together conclusory statements, which leave the impression that Farmer expected the court to accept his unsworn, biased, and apparently skewed view of the circumstances"); Frank v. Mracek, 58 F.R.D. 365, 367 n2 (M.D. Ala. 1973) ("It is clear that a complaint, from which it could not be discovered what claim was intended to be made, is insufficient. It is also clear that allegations in a pleading should be reasonably adequate to permit preparation of a responsive pleading asserting defenses. …the question as to the sufficiency of the complaint is whether it contains sufficient allegations to give the defendants fair notice of what the plaintiffs' claims are and the grounds on which they rest"); see also Harper v United States, 423 F Supp 192, 196 (D. S.C. 1976) (granting 12(b)(6) dismissal and stating that "[n]either the court nor defendants should be required to speculate as to the actions and injuries of which the plaintiff complains").

3. The complaint alleges that the plaintiff was denied her "right to complain." Even if such a cause of action existed, the complaint goes on to state that the plaintiff was granted at least one meeting with human resources and at least two meetings with the publisher to address her concerns. In fact, the complaint states that the plaintiff

was able to "exercise[] her right to complain to a higher up." Second, although the complaint alleges that the plaintiff's bonuses were withheld and that her work load increased, it goes on to state that the plaintiff was then moved to another position under a new supervisor "at the same rate of pay plus bonuses" and that, in this new position, the plaintiff was "awarded Sales Person of the year." Finally, the plaintiff alleges that she received an "untimely performance review" – in which she "received a negative mark in team work" – and "another negative false performance review." The reviews allegedly occurred because "she exercised her right to involve a higher up e.g. Scott to report an unlawful act."

4. Thus, even a liberal reading of the complaint reveals that plaintiff has failed to state a claim upon which relief may be granted. See Panaras v. Liquid Carbonic Indus. Corp., 74 F3d 786, 791-2 (7th Cir. 1996) (complaint which consisted of conclusory allegations unsupported by factual assertions failed even liberal standard of Rule 12(b)(6)); Lock v United States, 2003 U.S. Dist. LEXIS 9928, at *9 (D. Utah March 27, 2003) (granting 12(b)(6) motion to dismiss and finding "[p]laintiff's vague, rambling diatribe…do[es] not support a cause of action against any of the defendants"); Dack v. Shanman, 227 F Supp

26, 30 (S.D. N.Y. 1964) (dismissing count for failure to state a claim because "the fourth count is so sketchy that it is hard to tell just what the plaintiffs really claim. Defendant and the court are entitled to a pleading which will adequately advise them of what it is that plaintiffs are trying to allege").

5. Further, the plaintiff has failed to establish or even allege that this Court has jurisdiction over her claims. It is unclear from a review of the complaint whether the plaintiff presents a federal question to invoke this Court's federal question jurisdiction. *See* 28 U.S.C. §1331. In addition, the complaint does not allege any specific damages, and the parties are from Alabama. Consequently, there does not appear to be diversity jurisdiction. *See* 28 U.S.C. §1332.

6. The complaint fails to properly set forth a claim of relief in accordance with Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE. Instead, it is a vague, conclusive narrative that fails to properly allege jurisdiction, a cause of action, or a demand for judgment. See Fed. R. Civ. P. 8(a) ("[a] pleading which sets forth a claim for relief…shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of

jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks"); see also Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993), *superseded by statute on other grounds as stated in* Douglas v. Evans, *916 F. Supp. 1539 (M.D. Ala. 1996)* (holding *pro se* plaintiff's initial complaint deficient under Rule 8(a)(3) because it did not contain "a single reference to any requested relief"); Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs, 1975 U.S. Dist. LEXIS 16727 (E.D. Tenn. August 4, 1975) (dismissing *pro se* complaint pursuant to Fed. R. Civ. P. 12(b)(6), stating that the court was "unable to ascertain to the proper degree the identity of the parties the plaintiff seeks to make defendants herein; whether she has invoked properly the jurisdiction of this Court; the actual claim she is making for relief; and the nature of the relief to which the plaintiff deems herself entitled").

7. The averments of the complaint are also deficient in that they are not "simple, concise, and direct."  See Fed. R. Civ. P. 8(e)(1); see also Harrell, *supra* ("the only permissible pleading in a federal district court is a short and plain statement of the claim showing that the

pleader is entitled to relief on any legally sustainable grounds") (citations omitted).

8. The complaint fails to specify when the alleged wrongful actions giving rise to the plaintiff's claim(s) occurred. The few dates that are provided[1] do not put this defendant on sufficient notice as to what, if any, defenses may be available, *e.g.*, whether plaintiff's claims are barred by the statute of limitations.

9. Plaintiff's narrative complaint also fails to satisfy the requirements of Rule 10(b) of the FEDERAL RULES OF CIVIL PROCEDURE ("[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances…Each claim founded upon a separate transaction or occurrence…shall be stated in a separate count…whenever a separation facilitates the clear presentation of the matters set forth").

10. Furthermore, assuming *arguendo* that the complaint is sufficiently pled so as to survive dismissal at this stage, this defendant cannot

---

[1] The dates mentioned in the complaint are as follows: July 27, 1997 (when the plaintiff was allegedly hired by the defendant), 2003 (when she allegedly won salesperson of the year), August 2004 (when she allegedly overheard a conversation), October 12, 2004 (when she allegedly met with the defendant's publisher and when she allegedly "received an untimely performance review"), and October 28, 2004 (the alleged date of "another negative false performance review").

6

reasonably be required to frame a responsive pleading based on the vague and ambiguous nature of the complaint.  See Fed. R. Civ. P. 12(e); see also Eisenach v. Miller-Dwan Med. Ctr., 162 F.R.D. 346, 348  (D. Minn. 1995) (granting motion for more definite statement where "the Plaintiff has failed to disclose the jurisdictional bases for her claim or the nature of the relief that she hopes to secure").

WHEREFORE, the defendant identified as "Montgomery Advertiser" moves this Honorable Court pursuant to 12(b) of the FEDERAL RULES OF CIVIL PROCEDURE to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted.  In the alternative, this defendant moves this Honorable Court pursuant to Rule 12(e) of the FEDERAL RULES OF CIVIL PROCEDURE to order the plaintiff to file a more definite statement.


       /s/ Bethany L. Bolger
      Bethany L. Bolger (BOL035)
      Attorney for Defendant
      Montgomery Advertiser


Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3194 (phone)
(334) 481-0821 (fax)
bbolger@rsjg.com (e-mail)

## **CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the foregoing document upon the following party of record by placing a copy of same in the United States Mail, first class postage prepaid, on this the 19th day of October 2006.

  Ms. Judy F. Mann
  278 South Wesson Street
  Tallassee, Alabama   36078


         _/s/ Bethany L. Bolger_____
         Of counsel