IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN  DIVISION

| | | |
|---|---|---|
| JUDY F. MANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:06-CV-00888-MHT-DRB |
| | ) | [wo] |
| MONTGOMERY ADVERTISER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION

After reviewing the Complaint filed *pro se* on October 3, 2006, the court readily discerns the basis for *Defendant's Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement* (Doc. 5, filed October 19, 2006).  It is, therefore, **ORDERED** that the *Motion* is **GRANTED** to the extent of its request for a more definite statement, and it is **DENIED** to the extent of its request for dismissal.      It is further

**ORDERED that the *pro se* Plaintiff,  Judy F. Mann, file not later than November 22, 2006, an amended complaint in compliance with** (a)the notice now provided regarding the deficiencies in her Complaint, and (b) the instructions which follow.    If Plaintiff fails to file  an amended complaint consistent with this order, she is advised that the Magistrate Judge will proceed to recommend that the Complaint filed be dismissed for failure to state a claim for which relief can be granted.

### A.    DEFICIENCIES IN COMPLAINT

As a Complaint for which she seeks a jury trial in this federal court, Plaintiff has submitted a three-page, single-spaced, rambling  narrative account of random occurrences at her workplace, The Montgomery Advertiser, between her hiring on July 27, 1997, and a "negative false performance

review on October 28, 2004." As best as the court can discern, her grievances target a supervisory employee, Julie Washburn, who is accused of harassing Plaintiff and retaliating against her on unspecified occasions; another supervisory employee, Kathryn Mount, is charged with giving an "untimely performance review" to Plaintiff following her meeting on October 12, 2004 with the publisher, and also "creating another negative false performance review on October 28, 2004." The Complaint references attachments, noting that they will be "provided upon request", and Plaintiff attaches a single page, from an unrelated pleading, which includes a reference to an Eighth Circuit Court of Appeals case cited in her complaint. The Complaint is signed but not verified and the only relief requested is "relief to be made whole."

While this court is obliged to permit access by non-lawyers who appear *pro se*, such litigants are not relieved of the duty to submit a complaint which discloses a valid basis for which relief can be granted in federal court. Nor do *pro se* litigants escape perceived "burdens" — in the form of substantial compliance with Federal Rules of Civil Procedure – which accompany any perceived "benefits" of a federal lawsuit. Because federal courts have jurisdiction which is limited to "diversity of citizenship" and "federal questions", the complaint must disclose the basis for the court's authority to exercise jurisdiction. This Complaint does not; neither does it comply substantially with the fundamental requirement of Rule 8(a), Federal Rules of Civil Procedure, that "[a] pleading which sets forth a claim for relief, . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

Plaintiff identifies herself as a resident of Tallassee, in Elmore County, Alabama. She identifies the sole designated defendant as "Montgomery Advertiser" and provides neither citizenship

2

facts for this entity nor the amount in controversy; accordingly, the court has no basis for evaluating the propriety of diversity jurisdiction.  If Plaintiff intended to invoke this court's "federal question" jurisdiction, the Complaint fails in that it does not specify the federal constitutional or statutory rights violated by the Montgomery Advertiser.  For any act or failure by the Montgomery Advertiser which, in Plaintiff's opinion, violated a federally secured right, the complaint should describe and date the act or failure succinctly in order to facilitate the court's assessment of its jurisdiction and of the timeliness of the complaint.

**Before submitting an amended complaint, Plaintiff is advised to seek competent legal advice on the fundamental questions of whether her grievance against the Montgomery Advertiser falls within the jurisdiction of the federal court, whether it is timely, and whether it can be plead in a manner which shows a valid claim against the Montgomery Advertiser for which relief can be granted.  If Plaintiff decides that it is appropriate to continue this litigation, she must file an amended complaint, a privilege she is being accorded solely in deference to her obvious status as a non-lawyer attempting to represent herself.**  The court has no duty, however, to serve as attorney for a pro se Plaintiff or to provide curative instructions for pleadings; accordingly, this extensive notice and guidance is intended to underscore that federal court litigation is a serious undertaking requiring a degree of expertise often lacking in a host of law school graduates and lawyers duly admitted to practice after satisfying rigid certification requirements.

B.    RELEVANT RULES and GUIDELINES

To assist the Plaintiff in evaluating the propriety of continuing or discontinuing this litigation, the court highlights relevant rules and guidelines which will govern the review of any amended complaint.

3

1. **The privilege of filing a federal court lawsuit *pro se* acknowledges a "right of access to courts" which is constitutionally secured for all American citizens. The privilege is subject, however, to valid and reasonable limitations** designed not only to conserve limited judicial resources but also to prevent abuse by unlearned laymen who may be tempted to seize the privilege as a license for limitless or mis-guided forays into federal court with bootless claims and grievances unresolved in other forums or for which there simply is no remedy. Frivolous or malicious lawsuits duties against any defendants – corporate, public, institutional, or individual – automatically result in inconveniences, burdens, and costs, associated with defense even to the extent of securing dismissal from the action.

2. ***Pro se* litigants are also bound to honor Rule 11 of the Federal Rules of Civil Procedure**, which provides in pertinent part at Rule 11(b):

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

   (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

***A plaintiff may incur a substantial penalty for non-compliance with this rule by filing a federal court lawsuit without first conducting*** "an inquiry reasonable under the circumstances" in order to inform his "knowledge, information, and belief" about the merits of the lawsuit. Rule 11(c)(2) provides:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

3. **Pro se plaintiffs in civil actions are not entitled to appointment of counsel for legal**

4

**representation, and this court has no available funds or authorization to make any such appointments.** This court cannot and will not act as counsel for the Plaintiff. ***Plaintiff is encouraged to seek consultations – which may be available without cost – with competent lawyers about the merits of this action***, and he is directed to the Alabama State Bar and to the Montgomery County Bar Association for any assistance needed in locating such lawyers.

Done this 1st day of November, 2006.

/s/ Delores R. Boyd
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE