IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 DEC 22 P 3: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JUDY F. MANN | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO.-2:06-cv-888-MHT |
| | * |
| GANNETT CO., INC., A Delaware | * |
| Corporation, d/b/a THE ADVERTISER | * |
| COMPANY and THE MONTGOMERY | * |
| ADVERTISER | * |
| Defendant. | * |

## AMENDED COMPLAINT

1. Plaintiff Judy F. Mann, is a white female, over forty years of age, and resides at 278 South Wesson Street, Tallassee, Elmore County, Alabama, which is located in the Northern Division of the United States District Court for the Middle District Of Alabama. Plaintiff Mann was employed by Defendant The Advertiser Company, which is a fully owned subsidiary of Defendant Gannett Co., Inc.

2. Defendant Gannett Co., Inc., is a Delaware Corporation, authorized to do business in Alabama, and owns The Advertiser Company, an Alabama Corporation which produces and publishes The Montgomery Advertiser.

3. Defendant The Advertiser Company, is an Alabama Corporation fully owned and operated by Defendant Gannett Co., Inc. The Montgomery Advertiser is published by The Advertiser Company and is located in Montgomery, Montgomery County, Alabama, all within

the Northern Division of the United States District Court, Middle District of Alabama.

## JURISDICTION

4. Jurisdiction in the Honorable Court is posited under the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1332 as well as the Equal Protection Clause of the Constitution of the United States.

## FACTS

5. Plaintiff Judy F. Mann became employed by The Advertiser Company d/b/a/ The Montgomery Advertiser(henceforth "Advertiser") on July 27, 1997. She remained employed until November 2, 2004, when she resigned due to the harassment and improper and illegal treatment she received from the Advertiser.

6. The Advertiser Company is a fully owned subsidiary of Gannett Co., Inc., a Delaware Corporation with headquarters located at 7950 Jones Branch Drive, McLean, Virginia.

7. As a result of the Advertiser being a fully owned subsidiary of Gannett Co., Inc., Plaintiff Mann's performance review and appraisal was based on Gannett Co., Inc. standards, her insurance benefits were through Gannett Co., Inc. and her 401K Savings Plan was through Gannett Co., Inc. Plaintiff's ultimate supervisor, the Publisher of the Montgomery Advertiser, reported to Gannett Co., Inc. and thus, the ultimate control of the policy and procedures of the Advertiser was by Gannett Co., Inc.

8. In 2001 Plaintiff Mann moved from the Credit Department to the Sales Department. In 2003 Plaintiff Mann was named the 2003 Outside Salesperson of the Year by the Advertiser.

9. In the first week of October 2004, Plaintiff Mann met with the Honorable Dennis

Bailey, the retained attorney for the Advertiser. The purpose of the meeting was that Plaintiff Mann was under a good faith belief that the Advertiser was charging customers too much for advertisement in order for certain employees to get bonuses. Based on what he was informed, Dennis Bailey informed Plaintiff Mann that such action was intentional fraud. Attorney Bailey directed Plaintiff Mann to immediately report said matter to the Publisher, Scott Brown.

10. On October 12, 2004, Plaintiff Mann reported the incident to Publisher, Scott Brown as directed by attorney Bailey.

11. After the meeting with Publisher, Scott Brown, Plaintiff Mann was immediately given an unfavorable performance review by her supervisor Kathryn Mount.

12. After the good faith report of what appeared to be intentional fraud, the Plaintiff was questioned extensively about routine reports by her direct supervisor Katheryn Mount. Said reports were properly done and turned in. Plaintiff Mann informed Mount that the meeting was not about the reports, but about her meeting with the Publisher.

13. Mount began to make Plaintiff do presentations that Plaintiff had never been required to do before. Mount also docked Plaintiff Mann a day of pay. Mount would call the Plaintiff to private meetings and not let Plaintiff leave to go on sales calls. Mount also took accounts away from Plaintiff Mann. Mount would yell at Plaintiff. Plaintiff contacted both the Human Resources Department at the Advertiser and the Corporate Human Resources Department at Gannett Co., Inc. concerning this behavior but the behavior continued.

14. On November 2, 2004, Plaintiff met with the Publisher, Scott Brown, concerning the performance review by Katheryn Mount. Plaintiff informed Brown that each time she had a meeting with Brown that Mount retaliated against her. Plaintiff also informed Brown that she,

3

Mann, had been to Human resources twice and had called them three times in one week. She also informed Brown she had called Corporate Headquarters. Plaintiff Mann then informed Brown that she was resigning because her work place was no longer safe and that her health was being effected.

15. In October 2005, Plaintiff Mann met with the Honorable Dennis Bailey and Publisher, Scott Brown to address some of the concerns she had while employed by the Advertiser. By letter dated October 24, 2005, Dennis Bailey responded to Plaintiff's concerns.

16. On October 25, 2005, Publisher, Scott Brown sent Plaintiff Mann an e-mail following said meeting stating the following:

> "Judy, these issues need to be put to rest, if not I will counter sue any action you take in Court and ask at minimum, all of our legal expenses be reimbursed. We have taken action three times in the last four years and wow all three cases. In fact settled between lawyers without going to Court. Again, I will not have Dennis deal with these issues for two reasons to minimize the legal expense, which you will end up paying, and he doesn't need to review them."

17. Plaintiff Mann considered the e-mail from Brown to be harassment and a threat. Due to said e-mail, Plaintiff Mann did not take any action to report what she in good faith considered illegal behavior to the appropriate legal authorities to investigate. Plaintiff Mann considered the action she reported to be a violation of 18USC§ 1514.

## CAUSE OF ACTION

### I. Harassment- Hostile Work Environment

18. Plaintiff Mann adopts paragraphs 1-17 as if fully set out herein.

19. Plaintiff Mann avers and alleges the treatment she received from Kathryn Mount

and Scott Brown was harassment and intimidation. Although Plaintiff Mann reported the action to Brown, who admitted that Bill Brown, an independent contractor, had also reported Mount's behavior, the behavior continued. Plaintiff telephoned Gannett Co., Inc.'s Human Resources Department in McLean, Virginia and reported said behavior and no action was taken to resolve Plaintiff's hostile situation.

20. Plaintiff avers and alleges that the action by Mount amounted to harassment and Defendant Advertiser and Defendant Gannett Co., Inc., support such action by failing to take any remedial action to protect Plaintiff from harassment and remedy a hostile work environment. As a result, the Plaintiff had to resign from her employment with the Advertiser.

21. Also as a proximate consequence of the actions of the Defendants the Plaintiff was caused to suffer mental and emotional pain and anguish.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that the jury, based on the facts and circumstances of this case will award her an amount in excess of $100,000.00 for compensatory damages and an amount for punitive damages that the jury, in its judgment and discretion determines, based on the evidence, will deter such action in the future.

Plaintiff also request the award of adequate and appropriate attorney fees, court cost and such other and further relief as this Honorable Court deems appropriate.

## II- Denial of Equal Protection

22. Plaintiff adopts as if fully set out herein paragraphs 1-21 above.

23. Plaintiff avers and alleges that similarly situated employees were treated different from Plaintiff and were not harassed and/or intimidated. Plaintiff avers because she was treated

different and therefore denied the equal protection of the law. Plaintiff avers and alleges that but for her reporting to Honorable Dennis Bailey, the retained attorney for the Advertiser, and to the Publisher, Scott Brown, what she in good faith believed to be violations of the law, she would not have been harassed and/or intimidated. Plaintiff Mann also avers and alleges that Publisher, Scott Brown would not have threatened and intimidated her in the October 25, 2005 e-mail if she had not reported to him what she in good faith believed to be legal violation by people employed by the Advertiser.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that the jury, based on the facts and circumstances of this case will award her an amount in excess of $100,000.00 for compensatory damages and an amount for punitive damages that the jury, in its judgment and discretion determines, based on the evidence, will deter such action in the future.

Plaintiff also request the award of adequate and appropriate attorney fees, court cost and such other and further relief as this Honorable Court deems appropriate.

Respectfully submitted this the 22nd day of December, 2006.

JIM L. DEBARDELABEN (DEB003)
Attorney for Plaintiff

OF COUNSEL:
Jim L. DeBardelaben
Post Office Box 152
Montgomery, Alabama 361010-0152
(334) 265-9206

6

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing via US Mail upon the following counsel of record on this the ___ day of December, 2006:

Bethany L. Bolger
Rushton, Stakely, Johnson & Garrett, P.A.
P.O. Box 270
Montgomery, Alabama 36101-0270

**Served on Agent for Gannett Co., Inc. via Certified Mail at the following address:**

C.T. Corporation Systems
4701 Cox Road
Suite 301
Glen Allen, VA 23060-6802

/ OF COUNSEL