IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUDY F. MANN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:06-CV-888-MHT |
| ) | |
| GANNETT CO., INC. a Delaware ) | |
| Corporation, d/b/a THE ) | |
| ADVERTISER COMPANY, and ) | |
| THE MONTGOMERY ) | |
| ADVERTISER, ) | |
| ) | |
|    Defendants. ) | |

**REPORT OF THE PARTIES' PLANNING MEETING**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on January 16, 2007 by telephone conference between Jim L. DeBardelaben, Esq., attorney for Plaintiff Judy Mann, and Lynlee Wells Palmer, Esq., one of the attorneys for Defendant The Advertiser Company d/b/a The Montgomery Advertiser.

    1.    **Description of Claims and Defenses**

    A.    By the Plaintiff:

**Count I**

Plaintiff Mann is alleging and averring that the treatment she received from Kathryn Mount and Scott Brown was harassing and intimidating. After reporting

the action of Mount to Defendant Advertiser ad Defendant Gannett, Co., Inc., no action was taken to protect Plaintiff from the harassment and hostile work environment created by Mount.

**Count II**

Plaintiff reported actions to the Honorable Dennis Bailey, counsel for Defendant Advertiser, which she in good faith believed to be violations of the law. Upon Bailey's advise she reported said actions to Publisher, Scott Brown. After reporting said actions to Brown, Plaintiff was harassed, intimidated and threatened. The work environment became so hostile that Plaintiff felt forced to resign.

B.   By the Defendant:

Defendant The Advertiser Company d/b/a The Montgomery Advertiser ("the Advertiser") denies that it violated any law with respect to the Plaintiff. The Advertiser states that the plaintiff's Complaint does not state a claim and fails for lack of jurisdiction. The Advertiser further denies that the Plaintiff is entitled to the relief requested in her Complaint or to any other relief. The Advertiser reserves the right to raise additional defenses as the case progresses.

2.   Pre-Discovery Disclosures: The parties will exchange by ***February 19, 2007*** the information required by Fed. R. Civ. P. 26(a)(1).

3.   Discovery Plan: The parties jointly propose to the Court the following discovery plan:

(a) Topics: Discovery will be needed on the following subjects: allegations of the Plaintiff's Complaint, alleged damages and Defendant's defenses.

(b) Discovery Deadline: All discovery commenced in time to be completed by *June 27, 2007*.

(c) Interrogatories: Maximum of *25 interrogatories*, including subparts, by each party to any other party. Responses are due 30 days after service.

(d) Requests for Admission: Maximum of *15 requests for admission*, including subparts, by each party to any other party. Responses are due 30 days after service.

(e) Requests for Production: Maximum of *25 requests for production*, including subparts, by each party to any other party. Responses are due 30 days after service.

(f) Depositions: Maximum of *7 depositions* per party. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

(g) Supplementation: Supplementation under Rule 26(e) due within 30 days of knowledge of the need to supplement but not later than 30 days before the completion of discovery.

  (h) Experts: Unless modified by stipulation of the parties, the disclosure of expert witnesses, including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially retained or employed expert are due:

    From the Plaintiff by: *April 26, 2007*

    From the Defendant by: *May 25, 2007*

 4. Other Items:

  (a) Scheduling Conference: The parties do not request a scheduling conference.

  (b) Pretrial Conference: The parties request a pretrial conference on *October 26, 2007*.

  (c) Pleadings and Parties: Plaintiff should be allowed until *March 26, 2007* to add additional parties or amend the pleadings. Defendant should be allowed until *April 26, 2007* to add additional parties or amend the pleadings.

  (d) Dispositive Motions: All potentially dispositive motions must be filed by *July 27, 2007*.

  (e) Witness and Exhibit Lists: Final lists of witnesses and exhibits under Rule 26(a)(3) should be due from the parties on or before thirty (30) days prior to the trial setting. The parties should have fourteen (14) days after service of final witnesses and exhibits to list objections under Rule 26(a)(3).

(f) Settlement: Settlement cannot be evaluated prior to the parties conducting some discovery and may be enhanced by the use of mediation at a later date.

(g) Trial: This case should be ready for trial by the Court's *November 26, 2007* trial term and at this time is expected to take approximately three (3) days.

Signed this 16th day of January 2007.

| | |
|---|---|
| s/Jim L. DeBardelaben_____ | s/Lynlee Wells Palmer_____ |
| Jim L. DeBardelaben | Lynlee Wells Palmer |
| Attorney for Plaintiff | One of the Attorneys for Defendant |
| Post Office Box 152 | **JOHNSTON BARTON** |
| Montgomery, Alabama 36101 | **PROCTOR & ROSE LLP** |
| Telephone: (334) 265-9206 | 2900 AmSouth/Harbert Plaza |
| | 1901 Sixth Avenue North |
| | Birmingham, Alabama 35203 |
| | Telephone: (205) 458-9400 |