IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUDY F. MANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 2:06-CV-888-MHT |
| | ) |
| GANNETT CO., INC. a Delaware | ) |
| Corporation, d/b/a THE | ) |
| ADVERTISER COMPANY, and | ) |
| THE MONTGOMERY | ) |
| ADVERTISER, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS AMENDED COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), defendant The Advertiser Company d/b/a The Montgomery Advertiser ("The Advertiser"), improperly named in the Complaint as Gannett Co., Inc. d/b/a The Advertiser Company and The Montgomery Advertiser moves to dismiss the plaintiff's Complaint in its entirety. In support thereof, The Advertiser states as follows:

1. The plaintiff filed a *pro se* Complaint on October 3, 2006.

2. On October 19, 2006, The Advertiser filed a Motion to Dismiss or, in the Alternative, for a More Definite Statement, which was granted as to the request for a more definite statement on November 1, 2006.

3. Magistrate Judge Boyd's detailed November 1, 2006 order stated, in part,

> Because federal courts have jurisdiction which is limited to "diversity of citizenship" and "federal questions," the complaint must disclose the basis for the court's authority to exercise jurisdiction. This Complaint does not; neither does it comply substantially with the fundamental requirement of Rule 8(a), Federal Rules of Civil Procedure, that "[a] pleading which sets forth a claim for relief, . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."

Order on Motion, November 1, 2006, p. 2. The Order also stated that "[i]f Plaintiff fails to file an amended complaint ***consistent with this order***, she is advised that the Magistrate Judge will proceed to recommend that the Complaint filed be dismissed for failure to state a claim for which relief can be granted." Id. at p. 1 (emphasis added).

4. On January 4, 2007, the plaintiff, now represented by legal counsel, filed an Amended Complaint.

5. The plaintiff's Amended Complaint complies neither with Magistrate Judge Boyd's November 1, 2006 Order, nor with the Federal Rules of Civil Procedure.

6. The plaintiff's Amended Complaint (a) fails to state a claim on which relief may be granted, and (b) fails for lack of jurisdiction.

In further support of this motion, The Advertiser files contemporaneously herewith a Brief in Support of its Motion to Dismiss the Amended Complaint.

WHEREFORE, defendant The Advertiser Company d/b/a The Montgomery Advertiser, improperly named in the Amended Complaint as Gannett Company, Inc. d/b/a The Advertiser Company and The Montgomery Advertiser, moves this Court to dismiss the plaintiff's Amended Complaint for lack of jurisdiction and/or failure to state a claim on which relief may be granted.

s/John W. Sheffield
John W. Sheffield (ASB-7423-D62J)

s/Lynlee Wells Palmer
Lynlee Wells Palmer (ASB-4367-T82P)

Attorneys for The Advertiser Company
d/b/a The Montgomery Advertiser

**OF COUNSEL:**

**JOHNSTON BARTON
PROCTOR & ROSE LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: 205-458-9400
Facsimile: 205-458-9500

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2007, I electronically filed the foregoing Motion to Dismiss via the Court's CM/ECF system, which will electronically send notice to the following counsel of record:

Jim L. DeBardelaben
Post Office Box 152
Montgomery, Alabama  36101-0152
Telephone: (334) 265-9206
Facsimile: (334) 265-9299
dgoollaw@aol.com

                                            s/Lynlee Wells Palmer
                                            Of Counsel