**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JUDY F. MANN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:06-CV-888-MHT** |
| | ) | |
| **GANNETT CO., INC. a Delaware** | ) | |
| **Corporation, d/b/a THE** | ) | |
| **ADVERTISER COMPANY, and** | ) | |
| **THE MONTGOMERY** | ) | |
| **ADVERTISER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**BRIEF IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

The plaintiff's Amended Complaint, filed after an opportunity to provide a more definite statement, still fails to state a claim on which relief may be granted and fails to assert a claim over which this Court has jurisdiction. Accordingly, the Amended Complaint is due to be dismissed.

## I.    THE PLAINTIFF'S ALLEGATIONS

The plaintiff's Amended Complaint alleges that, during her employment with The Advertiser Company d/b/a The Montgomery Advertiser ("The Advertiser"), she believed that The Advertiser charged customers too much for advertisements. (Amended Complaint ¶ 9). She further contends that she reported

her belief to The Advertiser and, thereafter, (1) was given an unfavorable performance evaluation; (2) her supervisor questioned her extensively and required her to perform additional duties; and (3) she received an email from the Publisher informing her that the concerns she had raised needed to be resolved.  (Amended Complaint ¶¶ 12-13, 16).   The plaintiff asserts that these actions constituted "harassment and intimidation."   (Amended Complaint ¶ 19).   None of these allegations state a claim on which relief may be granted or confer jurisdiction on this Court.  The plaintiff's Amended Complaint, therefore, is due to be dismissed.

## II.    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM

The plaintiff's Amended Complaint reflects an abuse of the opportunity to provide a more definite statement of her claims; even post-amendment, it fails to allege a recognized cause of action based on the facts presented.

### A.    The Plaintiff's Harassment Allegations Are Not Properly Premised on a Violation of Any Federal or State Law

The plaintiff contends that her allegations of harassment are a "violation of 18 U.S.C. § 1514." (Amended Complaint ¶ 17).  That section, a part of the Victim and Witness Protection Act of 1982, provides a mechanism for a United States District Court to issue a temporary restraining order or protective order "prohibiting the harassment of a victim or witness in a Federal criminal case . . .." 18 U.S.C. § 1514(a)(1), (b)(1).  The section also applies to civil actions involving the federal government.  See 18 U.S.C. § 1514(2)(A).  The statute further requires

that application for such a restraining or protective order be issued only upon application of "the attorney for the Government." 18 U.S.C. § 1514(a)(1), (a)(2)(A), (b)(1).

The plaintiff has not alleged that she is a victim or witness in a criminal case involving The Advertiser, nor has her attorney asserted that he is filing this action on behalf of the Government. Moreover, the relief that the plaintiff seeks is not available under this section of the Victim and Witness Protection Act.

The plaintiff's harassment allegations plainly fail to satisfy the requirements of the statute under which she attempts to sue and, therefore, should be dismissed.

### B.    The Plaintiff's Equal Protection Allegations

The plaintiff's equal protection allegations similarly fail to state a claim against The Advertiser. The Advertiser is a private company, not a governmental entity or state actor and, thus, is not liable under the Fourteenth Amendment. See Campbell v. United States, 962 F.2d 1579, 1582 (11th Cir. 1992)("The Fourteenth Amendment acts as a shield against only the government. The constitution does not affect the relations between private parties, 'however discriminatory or wrongful.'")(internal citations omitted). This principle is a fundamental one. As stated in 1907,

> it is impossible for private individuals to impair, in the constitutional sense, the enjoyment of the right to "the equal protection of the laws." The system for the redress of wrongs and the vindication of rights – "the equal

3

> protection of the laws" – is wholly the creation of the
> state, deriving its origin and force solely from the state.

United States v. Powell, 151 F. 648, 653 (N.D. Ala. 1907).

The Amended Complaint contains no allegations asserting that The Advertiser somehow acted under color of state law. As a private entity, therefore, The Advertiser cannot be liable for an alleged violation of the equal protection clause of the Fourteenth Amendment, and the plaintiff's "equal protection claim" is due to be dismissed.

Additionally, a plaintiff may not bring an action directly under the United States Constitution, as the plaintiff here has attempted to do. See Kelley v. Troy State Univ., 923 F.Supp. 1494, 1500 (M.D. Ala. 1996)("When an individual seeks redress in the courts for a violation of her constitutional rights, she may not sue directly under the Constitution."). The plaintiff's Amended Complaint fails to allege a cause of action through any statutory vehicle designed to redress alleged violations of constitutional rights. Accordingly, her equal protection claim is due to be dismissed.

## III.   THE PLAINTIFF'S COMPLAINT FAILS FOR LACK OF JURIDICTION

The plaintiff asserts that this Court has jurisdiction over her claims under both 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity); neither confers jurisdiction over the facts asserted in this case.

4

As detailed *supra*, the plaintiff has not presented a viable federal claim against The Advertiser; there is, therefore, no jurisdiction under 28 U.S.C. § 1331. The face of the plaintiff's Amended Complaint reveals that there is no diversity jurisdiction, either. In the Amended Complaint, the plaintiff asserts both that she is a resident of the State of Alabama and that defendant The Advertiser Company is an Alabama corporation. (Amended Complaint ¶¶ 1, 3). Based on these allegations, there is no complete diversity, and, therefore, no jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)("we have consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action"). Because there is no jurisdiction over the allegations raised in the plaintiff's Amended Complaint, it is due to be dismissed.

## IV.  CONCLUSION

The Court not only provided the plaintiff with an opportunity to re-plead her insufficient Complaint but also detailed the deficiencies contained therein. The plaintiff squandered that opportunity, filing an Amended Complaint that does not state a claim, lacks jurisdictional support and does not comply with the Court's order. Having been granted a second chance to clarify her allegations and failing

to do so in a meaningful way, the plaintiff should be barred from re-pleading her

allegations a third time.  Her Amended Complaint is due to be dismissed.

s/John W. Sheffield
John W. Sheffield (ASB-7423-D62J)

s/Lynlee Wells Palmer
Lynlee Wells Palmer (ASB-4367-T82P)

Attorneys for The Advertiser Company
d/b/a The Montgomery Advertiser

**OF COUNSEL:**

**JOHNSTON BARTON
PROCTOR & ROSE LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone:  205-458-9400
Facsimile:  205-458-9500

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2007, I electronically filed the foregoing Brief in Support of Motion to Dismiss via the Court's CM/ECF system, which will electronically send notice to the following counsel of record:

Jim L. DeBardelaben
Post Office Box 152
Montgomery, Alabama  36101-0152
Telephone: (334) 265-9206
Facsimile: (334) 265-9299
dgoollaw@aol.com

s/Lynlee Wells Palmer
Of Counsel