# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JUDY F. MANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:06-CV-888-MHT |
| ) | |
| GANNETT CO., INC. a Delaware ) | |
| Corporation, d/b/a THE ) | |
| ADVERTISER COMPANY, and ) | |
| THE MONTGOMERY ) | |
| ADVERTISER, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT GANNETT CO., INC.'S
## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS
## AMENDED COMPLAINT

The plaintiff's Amended Complaint fails to state a claim against defendant Gannett Co., Inc. ("Gannett") on which relief may be granted and fails to assert a claim over which this Court has jurisdiction. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), the Amended Complaint is due to be dismissed.

## I.    THE PLAINTIFF'S ALLEGATIONS

The plaintiff's Amended Complaint alleges that, during her employment with The Advertiser Company d/b/a The Montgomery Advertiser ("The Advertiser"), she believed that The Advertiser charged customers too much for advertisements. (Amended Complaint ¶ 9). She further contends that she reported

her belief to The Advertiser and, thereafter, (1) was given an unfavorable performance evaluation; (2) her supervisor questioned her extensively and required her to perform additional duties; and (3) she received an email from the Publisher informing her that the concerns she had raised needed to be resolved. (Amended Complaint ¶¶ 12-13, 16). The plaintiff asserts that these actions constituted "harassment and intimidation." (Amended Complaint ¶ 19). Additionally, the plaintiff erroneously contends that Gannett is liable for The Advertiser Company's alleged conduct.[1] None of these allegations state a claim on which relief may be granted or confer jurisdiction on this Court. The plaintiff's Amended Complaint, therefore, is due to be dismissed.

## II.   THE AMENDED COMPLAINT FAILS TO STATE A CLAIM

The plaintiff's Amended Complaint fails to allege a recognized cause of action based on the facts presented and is due to be dismissed.

### A.   The Plaintiff's Harassment Allegations Are Not Properly Premised on a Violation of Any Federal or State Law

The plaintiff contends that her allegations of harassment are a "violation of 18 U.S.C. § 1514." (Amended Complaint ¶ 17). That section, a part of the Victim and Witness Protection Act of 1982, provides a mechanism for a United States District Court to issue a temporary restraining order or protective order

---

[1] Gannett contends that it is not a proper defendant in this action, as The Advertiser Company was the plaintiff's employer.

2

"prohibiting the harassment of a victim or witness in a Federal criminal case . . .." 18 U.S.C. § 1514(a)(1), (b)(1). The section also applies to civil actions involving the federal government. See 18 U.S.C. § 1514(2)(A). The statute further requires that application for such a restraining or protective order be issued only upon application of "the attorney for the Government." 18 U.S.C. § 1514(a)(1), (a)(2)(A), (b)(1).

The plaintiff has not alleged that she is a victim or witness in a criminal case involving Gannett, nor has her attorney asserted that he is filing this action on behalf of the Government. Moreover, the relief that the plaintiff seeks is not available under this section of the Victim and Witness Protection Act.

In her response to defendant The Advertiser Company's Motion to Dismiss[2], the plaintiff noted that "[t]he whistle-blower provisions of the Sarbames Oxley Act [sic], 18 U.S.C. § 1514 (a) [sic] prohibits [sic] an employer from retaliating against employees who protest or expose an employer's illegal practices." Pl. Response to Motion to Dismiss, p. 2. Presumably, therefore, the plaintiff attempts to bring her allegations under the whistleblower provisions of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A (an entirely different code section than 18 U.S.C. § 1514, cited in the plaintiff's Amended Complaint).

---

[2] Gannett does not concede that the additional allegations raised in the plaintiff's response to co-defendant The Advertiser Company's Motion to Dismiss should be incorporated into her Amended Complaint. Gannett addresses those arguments here for the sake of completeness.

Even under 18 U.S.C. § 1514A, the plaintiff's allegations cannot withstand a motion to dismiss. The whistleblower provision of SOX provides that a complainant may seek relief for alleged discrimination in violation of SOX by filing a complaint with the Secretary of Labor within ninety (90) days of the alleged violation. See 18 U.S.C. § 1514A(b)(1) and (b)(2)(D). This administrative requirement "has been described as 'judicial in nature' and designed to resolve the controversy on its merits." Collins v. Beazer Homes USA, Inc., 334 F.Supp. 2d 1365, 1373 (N.D. Ga. 2004)(citing Willis v. Vie Fin. Group, Inc., 2004 U.S. Dist. LEXIS 15753, No. 04-435, 2004 WL 1774575, at *5 (E.D. Pa. Aug. 6, 2004)). The plaintiff's Amended Complaint does not allege that she complied with this procedure.[3] Instead, she waited nearly two years after meeting with Advertiser Publisher Scott Brown (Amended Complaint ¶ 10) and then filed this lawsuit.

Although the SOX whistleblower provision contains a mechanism for filing an action in federal court, such action is permitted only where the Secretary of the Department of Labor fails to issue a decision on a timely complaint within 180 days of the filing of the complaint and there is no showing that such delay is due to the bad faith of the claimant. 18 U.S.C. § 1514A(b)(1)(B). Again, the Amended Complaint contains no such allegations. Because the plaintiff's harassment allegations fail to state a claim on which relief may be granted, Count I is due to be

---

[3] By raising this procedural defect, Gannett does not waive any arguments pertaining to whether the subject of the plaintiff's alleged complaint satisfies the requirements of 18 U.S.C. § 1514A.

dismissed.  See Bozeman v. Per-Se Techs., Inc., 456 F.Supp. 2d 1282, 1358 (N.D. Ga. 2006)(granting summary judgment to individual defendants because plaintiff failed to exhaust the SOX whistleblower provision's administrative remedies).

To the extent that the plaintiff attempts to premise her claims on 18 U.S.C. § 1512, as she cited without explanation or argument in her response to The Advertiser Company's Motion to Dismiss, such allegations are also due to be dismissed.  18 U.S.C. § 1512 is a criminal statute that prohibits tampering with a witness, victim or information.  It is, therefore, inapplicable to this civil action and impermissibly raised by this private individual.  See In re Compact Disc Minimum Advertised Price Antitrust Litigation, 456 F.Supp. 2d 131 (D. Me. 2006)(dismissing similar retaliation allegations under 18 U.S.C. § 1513(e) and holding that the criminal provision does not grant plaintiffs a private right of action)(citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(noting that private citizens "lack[] a judicially cognizable interest in the prosecution or nonprosecution of another")).  Finally, even if such criminal provision were available to a private individual, there are no sufficient allegations in the plaintiff's complaint suggesting that criminal tampering occurred.  The plaintiff, therefore, has not stated a "harassment" claim under any law, and her allegations are due to be dismissed.

B.   **The Plaintiff's Equal Protection Allegations**

The plaintiff's equal protection allegations similarly fail to state a claim against Gannett. In response to The Advertiser Company's motion to dismiss, the plaintiff conceded that Count II of the Amended Complaint, her equal protection claim, is due to be dismissed. She did not state, however, whether such dismissal was applicable as to both defendants or solely as to The Advertiser Company. Gannett contends that such dismissal is warranted as to both defendants.

Gannett is not a governmental entity or state actor and, thus, is not liable under the Fourteenth Amendment. See Campbell v. United States, 962 F.2d 1579, 1582 (11th Cir. 1992)("The Fourteenth Amendment acts as a shield against only the government. The constitution does not affect the relations between private parties, 'however discriminatory or wrongful.'")(internal citations omitted). This principle is a fundamental one. As stated in 1907,

> it is impossible for private individuals to impair, in the constitutional sense, the enjoyment of the right to "the equal protection of the laws." The system for the redress of wrongs and the vindication of rights – "the equal protection of the laws" – is wholly the creation of the state, deriving its origin and force solely from the state.

United States v. Powell, 151 F. 648, 653 (N.D. Ala. 1907).

The Amended Complaint contains no allegations asserting that Gannett somehow acted under color of state law. As a private entity, therefore, Gannett cannot be liable for an alleged violation of the equal protection clause of the

6

Fourteenth Amendment, and the plaintiff's "equal protection claim" is due to be dismissed.

Additionally, a plaintiff may not bring an action directly under the United States Constitution, as the plaintiff here has attempted to do. See Kelley v. Troy State Univ., 923 F.Supp. 1494, 1500 (M.D. Ala. 1996)("When an individual seeks redress in the courts for a violation of her constitutional rights, she may not sue directly under the Constitution."). The plaintiff's Amended Complaint fails to allege a cause of action through any statutory vehicle designed to redress alleged violations of constitutional rights. Accordingly, her equal protection claim is due to be dismissed.

### III.  THE PLAINTIFF'S COMPLAINT FAILS FOR LACK OF JURISDICTION

The plaintiff asserts that this Court has jurisdiction over her claims under both 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity); neither confers jurisdiction over the facts asserted in this case.

As detailed *supra*, the plaintiff has not presented a viable federal claim against Gannett; there is, therefore, no jurisdiction under 28 U.S.C. § 1331. The face of the plaintiff's Amended Complaint reveals that there is no diversity jurisdiction, either. In the Amended Complaint, the plaintiff asserts both that she is a resident of the State of Alabama and that defendant The Advertiser Company is an Alabama corporation. (Amended Complaint ¶¶ 1, 3). Based on these

7

allegations, there is no complete diversity, and, therefore, no jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)("we have consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action"). Because there is no jurisdiction over the allegations raised in the plaintiff's Amended Complaint, it is due to be dismissed.

## IV. CONCLUSION

The plaintiff's Amended Complaint, even when taken in light of the additional allegations she has raised in her response to defendant The Advertiser Company's Motion to Dismiss, does not state a claim on which relief may be granted. Therefore, the plaintiff has raised no viable allegations sufficient to confer jurisdiction. Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), it is due to be dismissed.

s/Lynlee Wells Palmer
Lynlee Wells Palmer (ASB-4367-T82P)

Attorney for Gannett Co., Inc.

**OF COUNSEL:**

**JOHNSTON BARTON
PROCTOR & ROSE LLP**
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone: 205-458-9400
Facsimile: 205-458-9500

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 5, 2007, I electronically filed the foregoing Brief in Support of Motion to Dismiss via the Court's CM/ECF system, which will electronically send notice to the following counsel of record:

Jim L. DeBardelaben
Post Office Box 152
Montgomery, Alabama  36101-0152
Telephone: (334) 265-9206
Facsimile: (334) 265-9299
dgoollaw@aol.com


                                       s/Lynlee Wells Palmer
                                       Of Counsel