IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JUDY F. MANN, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>GANNETT CO., INC., a )<br>Delaware corporation, d/b/a )<br>THE ADVERTISER COMPANY, and )<br>THE MONTGOMERY ADVERTISER, )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>2:06cv888-MHT<br>(WO) |

OPINION

Plaintiff Judy F. Mann brings this lawsuit against defendants Advertiser Company d/b/a the Montgomery Advertiser and Gannett Co., Inc.,[1] alleging that they unlawfully harassed her after she reported what she believed was unlawful conduct to the publisher at the

---

1. The defendants state that they were improperly named in the complaint as "Gannett Co., Inc. d/b/a The Advertiser Company and The Montgomery Advertiser." However, they are two separate companies whose correct names are "The Advertiser Company, d/b/a the Montgomery Advertiser" and "Gannet Co., Inc."

Montgomery Advertiser.[2]  Mann relies on the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. § 1514. This court has jurisdiction under 28 U.S.C. § 1331 (federal-question).[3]

This case is now before the court on the defendants' motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, that motions will be granted.

## I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motions to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  To survive a motion to dismiss, a complaint need not contain "detailed factual

---

2. Gannett, the parent company for the Montgomery Advertiser, is being sued in its capacity as Mann's employer.

3. Mann's complaint also includes a claim that the defendants violated her Fourteenth Amendment equal protection rights; she has agreed to drop the claim.

allegations," Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1964 (2007), "only enough facts to state a claim to relief that is plausible on its face," id. at 1974.

## II.   FACTUAL SUMMARY

In 1997, Mann began working in the credit department of the Montgomery Advertiser, a local newspaper, and, in 2001, she moved to sales.  While working in the sales department, Mann began to believe that the newspaper was defrauding its customers by overcharging them for advertisements.  In 2004, she met with the attorney for the publication to discuss her concerns.  The attorney advised her to bring the matter to the attention of the publisher.

Shortly after reporting the alleged fraud to the publisher, Mann was given an unfavorable performance review by her supervisor.  Her supervisor also started questioning her extensively about routine reports; prohibited her from going on private sales calls; and

withdrew her from some of her accounts. In 2005, after meeting with the Montgomery Advertiser's attorney again, Mann received what she believed was a threatening letter from the publisher, telling her that if she sued the publication, it would counter-sue and she would be responsible for attorney's fees. Mann considered the letter to be harassment and a threat, and she resigned.

## II.  DISCUSSION

### A.

Mann contends that the defendants violated the VWPA when they harassed and threatened her after she expressed concerns about what she believed was intentional fraud by the newspaper. The VWPA provides that:

> "A United States district court, <u>upon application of the attorney for the Government</u>, shall issue a temporary restraining order prohibiting harassment of <u>a victim or witness in a Federal criminal case</u> if the court finds ... that there are reasonable grounds to believe that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under

4

>    section 1512 of this title [18 USCS § 1512] ..."

18 U.S.C. § 1514 (emphasis added).  The VWPA is therefore a criminal statute that authorizes the attorney for the government to seek a temporary restraining order when a federal witness is being harassed or threatened in connection with her testimony in a criminal case.

Mann cannot obtain relief under the VWPA because she does not represent the government, and, under the express provisions of the statute, only the attorney for the government can bring suit for VWPA violations.  See 18 U.S.C. § 1514; Holder v. Bankers Trust Co., No. 98 Civ 3040(JGK), 1998 WL 898323, at *1 (S.D.N.Y. Dec. 23, 1998) (where plaintiff was not a government attorney, she could not support a claim under the VWPA).  Additionally, the VWPA does not expressly provide for a private right of action, nor are the requirements met for an implied right of action under Cort v. Ash, 422 U.S. 66, 78 (1975).  See Boisjoly v. Morton Thiokol, Inc., 706 F. Supp. 795, 807 (D. Utah 1988) (Winder, J.) ("the [legislative] history of

the V.W.P.A. ... reveals that Congress chose not to expressly provide for a private right of action despite its knowledge of and consideration of the fact that courts had universally denied a private right of action under 18 U.S.C § 1503, the provision that the V.W.P.A. replaced"); see also; Trammell v. Aston Constr. Co., No. 95-5300, 1997 WL 299385, at *2 (E.D. Pa. May 30, 1997) (Dubois, J.) (The VWPA does not provide for a private cause of action).

Moreover, even it the VWPA did provide for a private cause of action, Mann could not recover because she does not fall within the provisions of the VWPA: she is not a "victim or witness in a federal case." 18 U.S.C. § 1514. Indeed, she does not indicate how the VWPA would apply to her.

### B.

Mann mentions in her brief, in response to the defendants' motions to dismiss, that the whistle-blowing provision of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A, supports her case. Because she does not mention this

6

statute in her complaint, the court is concerned that the reference to Sarbanes-Oxley may have been in error: the citation for the VWPA (18 U.S.C. § 1514) is quite close to the citation for Sarbanes-Oxley (18 U.S.C. § 1514A). Also, while Mann mentions Sarbanes-Oxley, she actually quotes from only the VWPA in her complaint and reply briefs.

In any event, even if Mann meant to rely on Sarbanes-Oxley instead of, or in addition to, the VWPA, dismissal is still proper.  Sarbanes-Oxley provides "whistleblower protection for employees of publicly traded companies," and protects the employees from "discharge, demot[ion], suspen[sion], threat[s], harass[ment], or ... any other manner [of] discriminat[ion]...." 18 U.S.C. § 1514A(a). Sarbanes-Oxley's enforcement provision provides:

> "(1) In general. A person who alleges discharge or other discrimination by any person in violation of subsection (a) may seek relief under subsection (c), by--
>
>    (A) <u>filing a complaint with the Secretary of Labor</u>; or
>
>    (B) if the Secretary has not issued a

7

>           final decision within 180 days of the
>           filing of the complaint and there is no
>           showing that such delay is due to the
>           bad faith of the claimant, bringing an
>           action at law or equity for de novo
>           review in the appropriate district court
>           of the United States, which shall have
>           jurisdiction over such an action without
>           regard to the amount in controversy."

18 U.S.C. § 1514A(b)(1) (emphasis added).  This enforcement provision makes clear that, before filing a lawsuit, the plaintiff must file a complaint with the Secretary of Labor.

Mann failed to file a complaint with the Secretary of Labor before filing this lawsuit in federal court. Therefore, this court cannot hear her case. See <u>Collins v. Beazer Homes USA, Inc.</u>, 334 F. Supp. 2d 1365, 1373 (N.D. Ga. 2004) (Story, J.)  (federal courts lack jurisdiction over claims brought under Sarbanes-Oxley if "the plaintiff failed to file a complaint with OSHA, [the agency empowered by the Secretary of Labor to hear these matters,] within ninety days of the alleged violation"); <u>Murray v. TXU Corp.</u>, 279 F. Supp. 2d 799 (N.D. Tex. 2003) (Solis, J.) (same).

8

***

For the reasons outlined above, the defendants' motions to dismiss will be granted. An appropriate judgment will be entered.

DONE, this the 8th day of June, 2007.

                                    /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE